REID, et al. *v.* MIDDLETON

No. 42366        June 11, 1962        142 So. 2d 28

*Dudley W. Conner,* Hattiesburg, for appellants.

*William H. Stewart,* Poplarville, for appellee.

McELROY, J.

This appeal is before the Court for the second time. The first appeal was reversed and remanded in Reid v. Middleton, 241 Miss. 324, 130 So. 2d 554. The facts in this case as to the collision are the same as in the previous trial.

This was the usual intersectional collision and the jury was justified in finding that the injuries were due to the negligence of the appellant.

Since this case was tried anew, there was no exhibit on the part of the appellee of his hands to the jury and the court so stated at the conclusion of the trial. The appellee had the right to withdraw his waiver of privilege which he did in this case. Thereupon the question of waiver of privilege was properly decided by the court. ■■■ We believe that the judgment is not excessive and that there was sufficient evidence to justify the verdict of $20,000 rendered by the jury.

Dr. E. C. Harris, Jr., attending physician for the appellee, testified that Middleton suffered a lot of pain and difficulty with his back. There was wasting of the small muscles of his hand and they were markedly reduced in size and strength; he had a great deal of trouble in the past with drug sensitivity; the injuries to the right hand and back were caused by the accident; he was definitely permanently disabled in his hand to the extent of 25 per cent and the disability due to aggravation of a pre-existing condition to his back was rated at 10 per cent permanent partial disability.

Dr. R. E. L. Stuart, Jr.'s evidence was that the plaintiff had ulcers and that there was a flare-up of the ulcers following the accident; that as a practicing physician he had occasion to transact business with the patient several times a day and prior to the accident he was physicially, mentally and emotionally able to conduct his business but after the accident he was not competent to fill prescriptions due to his emotional instability and he was sick most of the time; that the pain in the wrist and back was brought on directly by the accident and that he felt that the ulcerous condition was aggravated by the course of events that followed the accident.

The assignment in regard to the voir dire examination of the jury is without merit.

After careful examination of the record in this case we are unable to find error as to the law or the facts. The case is therefore affirmed.

Affirmed.

*Lee, P. J.,* and *Arrington, Rodgers,* and *Jones, JJ.,* concur.